UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| FREDRICO JERVUSIO JONES, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:18-CV-465-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| WARDEN, FMC LEXINGTON, ) | **ORDER DENYING HABEAS RELIEF** |
| ) | |
| Respondent. ) | |
| ) | |

*** *** *** ***

Petitioner Fredrico Jervusio Jones is an inmate currently confined at the Federal Medical Center ("FMC") – Lexington in Lexington, Kentucky. Through counsel, Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [R. 1] The Respondent has filed his response to the petition [R. 10], and Jones has filed a reply. [R. 14] Thus, this matter is ripe for review.

**I.**

In July 2012, pursuant to a plea agreement with the United States, Jones pled guilty in the United States District Court for the Northern District of Georgia to one count of attempt to commit armed robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (Count One) and one count of aiding and abetting the use and carrying of a firearm in relation to a crime of violence (referring to the attempted Hobbs Act armed robbery charged in Count One) in violation of 18 U.S.C. § 924(c) (Count Two). On October 11, 2012, Jones was sentenced to a term of imprisonment of 30 months as to Count One and 150 months as to Count Two, to be served consecutive to Count One, for a total term of imprisonment of 180 months. In September 2014, the district court granted the United States' motion for reduction of sentence pursuant to Rule 35

- 1 -

of the Federal Rules of Criminal Procedure and reduced Jones' total sentence to a period of 132 months incarceration. [R. 1 at pp. 2-4; R. 10 at p. 2]

In March 2015, the United States Court of Appeals for the Eleventh Circuit dismissed Jones' appeal from his criminal Judgment as untimely. In June 2016, Jones filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the district court that sentenced him, arguing that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), also invalidated the residual clause of 18 U.S.C. § 924(c)(3)(B). Thus, Jones argued that his Count One conviction for attempted Hobbs Act robbery no longer qualifies as a predicate "crime of violence" for purposes of his Count Two § 924(c) conviction. The district court denied Jones' motion, because: (1) Jones' plea agreement contained a limited waiver of appeal that expressly waived his right to collaterally attack his conviction and sentence in a post-conviction proceeding (including via a § 2255 motion); (2) *Johnson* does not apply to § 924(c)'s residual clause; and (3) even if *Johnson* did apply to § 924(c)'s residual clause, attempted Hobbs Act robbery is a "crime of violence" under the "use-of-force" clause of § 924(c)(3)(A), thus Jones' § 924(c) conviction remains valid under § 924(c)(3)(A). *United States v. Jones*, No. 4:12-cr-9-HLM-WEJ-4 (N.D. Ga. 2012) at [R. 323].

Jones has now filed a § 2241 petition with this Court, reasserting similar arguments to those he raised in his original § 2255 motion. Once again, Jones argues that his Count One conviction for Hobbs Act robbery is no longer a valid predicate offense for his Count Two § 924(c) conviction for possession of a firearm in furtherance of a "crime of violence," this time relying on the United States Supreme Court decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). Jones has also filed a Notice of Supplemental Authority [R. 15] seeking to rely on the

Supreme Court's recent decision in *United States v. Davis*, No. 18-431, 2019 WL 2570623, at *13 (U.S. June 24, 2019), holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. According to Jones, because the residual clause of 18 U.S.C. § 924(c)(3)(B) is invalid, his attempted Hobbs Act robbery conviction no longer qualifies as a "crime of violence" for purposes of his 18 U.S.C. § 924(c) conviction, thus he is "actually innocent" of his Count Two § 924(c) conviction. He seeks to bring his claim in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e).

However, having thoroughly reviewed the petition, the response filed by Respondent, and Jones' reply, as well as the Supreme Court's decision in *Davis*, the Court must deny relief.

## II.

As an initial matter, Jones challenges the legality of his convictions in his habeas petition. While a federal prisoner may challenge the legality of his convictions and sentence in a 28 U.S.C. § 2255 motion before the sentencing court, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) provides a narrow exception to this rule where § 2255 is structurally "inadequate or ineffective" to seek relief. The exception does not apply simply because that remedy under § 2255 is no longer available, whether because the

prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Here, Jones challenges the validity of his conviction of aiding and abetting the use of carrying a firearm during and in relation to a crime of violence (Count Two) in violation of 18 U.S.C. § 924(c). Section 924(c) provides for heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). Pursuant to § 924(c)(3), a "crime of violence" is defined as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first subpart of this definition, § 924(c)(3)(A), is known as the "elements" or "use-of-force" clause. The second subpart, § 924(c)(3)(B), is known as the "residual" clause. According to Jones, his Count One conviction of *attempt* to commit Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of §

924(c)(3)(A).  Jones further argues that the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of *Dimaya* and *Davis*.

However, to the extent that he challenges whether attempt to commit Hobbs Act robbery is a "crime of violence," this claim does not rely on any Supreme Court decision announcing a new, retroactively applicable rule of statutory construction, but is instead a claim of ordinary trial error which could have and must have been pursued on direct appeal or in an initial motion under § 2255.  *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir.2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014).  Even so, this claim fails on its merits.  Jones was convicted in the Northern District of Georgia, which is located in the Eleventh Circuit.  The United States Court of Appeals for the Eleventh Circuit has specifically held that the "predicate offense of attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, which remains unaffected by *Johnson* and *Dimaya*." *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019).  As explained by the Eleventh Circuit in *St. Hubert*, "[l]ike completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes "<u>attempted</u> use" of force." *Id*. at 351 (emphasis in original).

Jones argues that the Court should ignore the law of the place of his conviction and only consider Sixth Circuit law in determining whether his attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.  However, while a § 2241 petition (including a § 2241 petition filed under the savings clause of § 2255) must be filed in the district of confinement, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), the district court in which the petition is filed applies the substantive law of the circuit in which the defendant was convicted and sentenced. *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Hogan v. Butler*,

No. Civ. 6:15-046-GFVT, 2015 WL 4635612, at *5-*7 (E.D. Ky. Aug. 3, 2015). Although Jones argues that the Court should decline to apply this rule because the case law cited by the Respondent is "non-binding" case law from other circuits or is unpersuasive, he cites to no authority to support the application of the substantive law of the place of confinement. Regardless, the Court agrees that the "[a]pplication of the law of the place of conviction is a consistent, reasonable rule," *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001), as opposed to the application of the law of the place of confinement, which would arbitrarily "base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction [resulting in] similarly situated prisoners- perhaps even co-defendants convicted of the exact same crimes-being treated differently because of their location of confinement." *Id*.

Even so, the United States Court of Appeals for the Sixth Circuit has also held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *See Camp v. United States*, 903 F.3d 594, 597 (6th Cir. 2018) (recognizing that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) is a crime of violence under § 924(c)'s "use-of-force" clause.) (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied*, ___ U.S. ___, 137 S.Ct. 2230 (2017)); *United States v. Robinson*, 708 F. App'x 272, 274 (6th Cir. 2017) ("Thus, in the Sixth Circuit, Hobbs Act robbery is a crime of violence by way of Section 924(c)(3)(A)…The six other circuits that have addressed the question all agree.") (citing *Gooch*, 850 F.3d at 291-92). Moreover, as argued by Respondent, although the Sixth Circuit has not directly addressed whether "attempted" Hobbs Act robbery falls within the § 924(c)'s "use-of-force" clause, given that § 924(c)(3)(A) expressly includes the "attempted use, or threatened use" of physical force, attempted Hobbs Act robbery qualifies as well. *See St. Hubert*, 909 F. 3d at

351 ("because the taking of property from a person against his will in the forcible manner required by § 1951(b)(1) necessarily includes the use, attempted use, or threatened use of physical force, then by extension the attempted taking of such property from a person in the same forcible manner must also include at least the 'attempted use' of force.") (citations omitted).  Indeed, the Sixth Circuit has recently addressed a similar argument in the context of determining whether a prior conviction for attempted unarmed robbery qualifies as a "violent felony" for purposes of the sentencing enhancements provided by § 924(e)(1) of the ACCA. *Chaney v. United States*, 917 F.3d 895 (6th Cir. 2019).  Although the defendant in *Chaney* argued that, "even if Michigan unarmed robbery qualifies as a violent felony [for purposes of the ACCA], Michigan *attempted* unarmed robbery does not," *id*. at 904, the Court rejected this argument, noting that "the ACCA's elements clause expressly includes the 'attempted use' of 'physical force.'" *Id*.

It is true that, as noted by Jones in his Notice of Supplemental Authority [R. 15], the United States Supreme Court has recently held that § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, No. 18-431, 2019 WL 2570623, at *13 (U.S. June 24, 2019).  However, because the Court finds that Jones' Hobbs Act conviction qualifies as a "crime of violence" under the "use-of-force" clause of § 924(c)(3)(A), *Davis* does not apply to him.  In addition, this is a constitutional claim, thus, it must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2).  *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015).  Because Jones' constitutional claim is of the kind that can be asserted under § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss v. Davis*, 115 F. App'x

772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

For all of these reasons, the Court finds that Jones is not entitled to habeas relief based on the § 2241 petition filed in this Court.

Accordingly, it is **HEREBY ORDERED** that:

1. Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This the 11th day of July, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY